Judge Marshall
delivered the opinion of the Court.
I. F. Conner, administrator of Wm. J. Conner, having filed a bill for the settlement of his intestate’s ■estate as being insolvent, J. G. Edens who had been *240 made a defendant as one of the creditors of said estate, filed his answer and cross bill in which he sot up his claims; and alleged that the intestate had in his lifetime, obtained a judgment againstT. D. Conner for upwards of $88, which had been affirmed in the Court of Appeals, upon the writ of error of said T. D. Conner, with supersedeas. That the supersedeas bond was executed by said T. D. Conner and by John Conner, J. F. Conner, the complainant, and R. P. Jenkins. That an execution on the judgment against T. D. Conner, was returned no property found, and the judgment remains wholly unsatisfied, and that an action commenced by the intestate upon the supersedeas bond against all the parties thereto, had been dismissed by J. F. Conner after he became administrator, and the bond and the demand secured thereby, remain undischarged. This claim of the intestate was not mentioned in the bill of the administrator, nor in any manner disclosed by him; ■and Edens’ making the complainant and the other obli-gors in the supersedeas bond, and also the surety in the complainant’s administration bond, parties to the cross bill, prays that they be decreed to pay him the amount due on the supersedeas bond in satisfaction of his demands against the intestate.
1’ h e decree c the Gircui Court.
The administrator answered, admitting substantially, the allegations of the cross bill, and consenting to a decree as therein prayed. He excuses the dismissal of the action at law, by the fact that he being an obligor in the bond, could not maintain the action on it as administrator of the obligee, but he gives no reason for not having disclosed this demand as a part of the assets of his intestate’s estate.
The other defendants except the surety in the administration bond, did not answer, and a decree having been rendered in favor of Edens against all the parties to the supersedeas bond for the amount secui’ed thereby, (to be paid to Edens.) Jenkins prosecutes this writ of error for its reversal, for which two principal grounds are alleged, viz: 1st, that no process had ever been serv- *241 fed on Jenkins; and 2d, that the decree, should have been against the administrator and his surety in the administration bond.
On a bill by an order under the statute of 1839, for selling and admin istering the estate, a creditor, suggesting a debt due to the estate and claim ing rhe benefit thereof, has no right to tax tho exclusive, b ut • only has pro rata share of such «debt.
*241 As the first ground is true in point of fact, and Jenkins was not in any manner before the Court, it was clearly erroneous to render a decree against him. But the mere fact that J. F. Conner, one of the sureties in the supersedeas bond which is sought to be enforced, is also the administrator of the obligee therein, to whose debt the demand on the supersedeas bond is sought to be applied by Edens, furnishes in itself no ground for-making the surety of the administrator pay the debt.
And although on the ground of mal-administration by the administrator, his surety might in a proper state of case, be iftade liable to the intestate*s creditors for this debt as well as for any other, yet as in case he were so made liable, he might undoubtedly look to the supersedeas bond and to all the obligors therein, for his full indemnity, none of them would have any right to complain that the liability was thrown upon them exclusively in the first instance.
We are inclined to the opinion, that upon the case as made out upon Edens’ cross bill, and the answer thereto, a decree could not have been claimed against the surety of the administrator. But as Edens is satisfied with the decree against the parties to the supersedeas bond, and as these parties have no right to complain that he has not taken a decree against the surety in the administration.bond, the question whether he could have taken such decree, is in the present attitude of the case, of no importance.
It is further objected to the decree, that the demand on the supersedeas bond being purely legal, the Court had no jurisdiction to decree it in this proceeding, but should have left it to be collected by the administrator, holding him accountable therefor, as for other demands. held in his fiducial character. We think however, that as the administrator was himself an obligor in the bond, it was competent for the chancellor having all the obli- *242 ■gors properly before him, to decree the debt against them, and to do justice between them. But this should have been done not upon the cross bill of Edens, who had no right in this proceeding instituted, for the very purpose of securing a pro rata distribution of the assets to appropriate this claim wholly to his own demand, while other creditors.might bo unsatisfied. The cross bill was entitled to no other eftect but that of suggesting new parties and bringing forward assets not before disclosed, and which being a part of the intestate’s estate should have been taken as a part of the general fund for pro rata payment of his debts. The administrator having made his answer to Eden’s cross bill an amendment to his'own original bill, and having made the other parties to the supersedeas bond, defendants to his suit, alleging the insolvency of T. E>. Conner, the principal obligor. He should have been required to bring these parties before the Court, and the case should have proceeded just as if this matter had been stated and these parties made in the original bill; and the Court exercising the power of compelling payment by the complainant and other obligors in the superse-deas bond, should have directed &pro rata payment of the proceeds as in other cases. This record contains no report by the commissioner showing the amounts due from the estate, and to whom payable. And we are not satisfied that the whole sum decreed to Edens, is due upon his claims as stated by himself in his cross bill.
Pitman for plaintiff.
Wherefore the decree is reversed, and the cause remanded for further proceedings consistent with this -opinion.